IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00489-EWN-PAC

ERIKA KELLY,

    Plaintiff(s),

v.

HCA-HEALTHONE, LLC., d/b/a SWEDISH MEDICAL CENTER, and
SWEDISH MEDICAL CENTER,

    Defendant(s).

---

## MINUTE ORDER

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

    IT IS HEREBY **ORDERED** that, with the interlineation in paragraph #3 requiring the parties to move the Court for permission to file documents under seal, the Unopposed Motion for Entry of Stipulated Protective Order dated August 4, 2006 (doc. 26) is granted, and the <u>attached</u> Stipulated Protective Order is made an Order of the Court this date.

Dated:  August 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 06-cv-00489-EWN-PAC

ERICKA KELLY,

    Plaintiff,

v.

HEALTHONE OF DENVER, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

    Ericka Kelly ("Plaintiff") and HealthONE of Denver, Inc. ("Defendant"), by and through their attorneys, hereby enter into the following Protective Order governing discovery in this action and request this Stipulated Protective Order be entered as the Court's Order in the above-captioned matter, in order to preserve the proprietary interests and confidentiality of the Parties' medical, financial, and personal information, as fully set forth herein.

    In this action, Plaintiff and Defendant have sought, anticipate receiving and/or anticipate communicating Confidential Information, pursuant to the Federal Rules of Civil Procedure, that contains confidential or proprietary information, medical information, and personal information, the disclosure of which would cause invasion of the privacy of the Plaintiff or an employee or agent of Defendant, or could cause embarrassment of any person.

    **IT IS THEREFORE ORDERED** that:

    1.    Special treatment may be claimed (a) for all written material including documents, answers to interrogatories, responses to other discovery requests, and transcripts of testimony by stamping or writing "Confidential" or, as appropriate, "Highly Confidential" on

them; and (b) for all information disclosed orally, whether informally, by deposition, or otherwise, by making an oral request that such information be treated as "Confidential" or "Highly Confidential" under this Protective Order and by documenting that confidentiality designation within ten days.

2. In the event documents are obtained by an authorization to release medical information, an authorization to release mental health information, authorization to release employment information and authorization to release school information or any other authorization to release information, counsel who has obtained the documents will provide opposing counsel with copies of the documents and permit opposing counsel ten (10) days to identify the documents as "confidential."

3. All information, whether disclosed in writing or orally, that has been claimed as "Confidential" shall be subject to the following restrictions:

*[handwritten annotation: All counsel must move the court to file documents under seal. See HA 7.2, 7.3]*

    a. All such information if and when filed or otherwise made a part of the record of these proceedings shall be filed in camera and placed under seal by the clerk so that it is not made a part of the public record herein and such envelope shall bear the caption of this case and a legend as follows:

> CONFIDENTIAL – FILED SUBJECT TO COURT ORDER. THE PAPERS IDENTIFIED ABOVE AND CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED AS CONFIDENTIAL MATERIAL, ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT, AND MAY NOT BE EXAMINED, DISPLAYED, REVEALED OR COPIED EXCEPT BY THE COURT, OR PURSUANT TO COURT ORDER.
>
> Except as approved or directed by the Court, these materials shall not be revealed to persons other than counsel of record or as otherwise provided by this Order.

    b. All such information shall be used only for the purpose of litigating the case of Ericka Kelly v. HealthOne of Denver, Inc., Case No. 06-CV-00489-EWN-PAC.

c. Any such information shall not be disclosed to anyone other than (i) the attorneys of record for the parties in this litigation and their staffs; (ii) the party or person who was originally either the source or recipient of the information and such other persons as the Court may specifically approve after notice and hearing; (iii) experts or consultants assisting counsel retained for that purpose, provided that counsel informs those experts or consultants that they are bound by the terms of this Order and obtains from them an Affidavit (in the form attached hereto as Exhibit A) by which they consent to be so bound; (iv) witnesses called to testify in connection with the matter either at deposition or trial, provided that counsel informs those witnesses that they are bound by the terms of this Order and obtains from them an Affidavit in the form attached hereto as Exhibit A) by which they consent to be so bound, and provided that any materials disclosed or given to witnesses during the course of their testimony may not be retained by the witnesses unless as otherwise provided in this Order; (v) the Court, if necessary, in further proceedings herein; (vi) court reporters at depositions in this case; (vii) the parties; and (viii) other persons upon whom the parties mutually agree in writing.

If counsel for either party intends to provide confidential information of the other to persons described in sections (iii) or (iv) hereof, counsel shall notify opposing counsel prior to such disclosure and will provide opposing counsel ten (10) days to object to such disclosure. If, after conferring in good faith, the parties cannot resolve their dispute, the objecting party shall bear the burden of filing a motion asking the Court to forbid the proposed disclosure. Unless any counsel notifies the other counsel of its objections under this paragraph, including the grounds of the objection, within ten (10) days after the submission of this statement, counsel may disclose confidential information to that person.

d. There shall be no reproduction of these materials, except as required in the litigation, copies, excerpts, or summaries may be shown or given to those authorized pursuant to (c) above, pursuant to the provisions thereof.

e. Except as otherwise provided in (c) and (d) above, all such materials shall remain in the custody of the attorneys of record for the parties to this litigation during the pendency of the litigation, and when materials leave the custody of the attorneys of record as provided in (c) and (d) above, the attorneys of record shall remain responsible for their control and care.

f. Materials or copies of materials given or disclosed to the parties authorized in (c) will be returned to counsel when such materials are no longer needed by the authorized party or upon the final determination of this litigation.

  g. The provisions of this Order shall not terminate at the conclusion of this action. Upon final termination of this litigation, including all appeals, all material subject to this Order, including copies, extracts, or summaries thereof, shall either be returned to counsel for the party that produced or generated such material or destroyed by counsel for the parties who received the material subject to this Protective Order. Such destruction shall be verified in writing by counsel for the party who elects this option.

  h. Copies of any Affidavit obtained by counsel pursuant to paragraph 2(c)(iii) or (iv) above shall be maintained by counsel throughout the pendency of the litigation and for at least three months thereafter. In the event of a dispute regarding whether an inappropriate disclosure was made under paragraph 2(c)(iii) or (iv), counsel shall attempt to reach an agreement regarding the production of any Affidavit or Affidavits in their possession that might bear on such issue. If the parties are unable to reach an agreement, the party contending that an inappropriate disclosure may have been made may file a Motion requesting that the Court compel the production of the Affidavit or Affidavits.

4. All information, whether disclosed in writing or orally, that has been claimed as "Highly Confidential" shall receive all of the protections set forth above plus the additional protection that "Highly Confidential" information shall be treated as being for Attorney's Eyes only and shall be viewed only by counsel for the Parties and his or her staff.

If counsel for either party intends to provide Highly Confidential information of the other to persons described in Paragraph 2(c)(iii) – (vii) hereof, counsel shall notify opposing counsel prior to such disclosure and will provide opposing counsel ten (10) days to object to such disclosure. If, after conferring in good faith, the parties cannot resolve their dispute, the objecting party shall bear the burden of filing a motion asking the Court to forbid the proposed disclosure. Unless any counsel notifies the other counsel of its objections under this paragraph, including the grounds of the objection, within ten (10) days after the submission of this statement, counsel may disclose Highly Confidential information to that person.

5. Except as indicated in Paragraph 1, no information disclosed in connection with the matter shall be considered within the purview of this Order unless and until such time as a

claim of confidentiality is asserted. Upon the assertion of such a claim, the material claimed to be Confidential or Highly Confidential shall be considered within the purview of this Order. Any party to this litigation, however, may at any time object to a claim of confidentiality and may, after conferring in good faith with opposing counsel, seek a hearing before the Court to determine the merits of the claim. If such motion is made, nothing in this Order shall alter any burden of proof that would otherwise apply in determining whether the information, documents or things are within the scope of Federal Rules of Civil Procedure 26(c)(7). During the pendency of such a hearing, and until a determination on the merits has been made by the Court, the material claimed to be Confidential or Highly Confidential shall remain within the purview of this Order.

6. The acceptance of information, documents or things designated as "Confidential" or "Highly Confidential" by any party shall not constitute an admission or concession that any such designation is appropriate.

7. The inadvertent, unintentional, or in camera disclosure of "Confidential" or "Highly Confidential" Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8. With respect to personnel information, the parties agree to redact personal information from personnel records used in this litigation, except when a party's own personnel records are produced to that party. The personal information to be redacted will include: home address and telephone number, social security number, bank account information, and any other financial information.

9.  This Protective Order may be modified during the discovery period by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

10. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of confidential documents or information sought. Should this matter proceed before a jury, the parties will develop additional provisions governing the use of confidential material at trial.

11. This Order is without prejudice to the rights of any party to seek modification of this Order from the Court. This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court.

12. Subject to the Federal Rules of Evidence, documents and other information designated under this Protective Order may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice, reasonably sufficient to allow any confidentiality to be preserved, to counsel for the party or other person that designated the information. Any party may move the Court for an order that the evidence be received in camera or under such other conditions as are necessary to prevent inappropriate disclosure. The Court will then determine whether the proffered evidence should continue to be protected under this Protective Order and, if so, what protection, if any, may be afforded to such information at the trial.

ORDERED this 9th day of August, 2006.

BY THE COURT:

_s/ Patricia Coan_
United States Magistrate Judge

APPROVED FOR ENTRY:

s/Karen Larson
Karen Larson
1120 Lincoln Street, Suite 711
Denver, CO 80203
Telephone: (303) 831-4404
FAX: 303-830-8843
Email: kvirginia@aol.com

Attorney for Plaintiff

s/ David D. Powell, Jr.
David D. Powell, Jr.
Carey R. Gagnon
Brownstein, Hyatt & Farber, P.C.
410 Seventeenth Street, Floor 22
Denver, CO 80203
Telephone: 303-223-1100
FAX: 303-223-1111
Email: dpowell@bhf-law.com
      cgagnon@bhf-law.com

Attorneys for Defendants

7

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Case No. 06-cv-00489-EWN-PAC

ERICKA KELLY,

    Plaintiff,

v.

HEALTHONE OF DENVER, INC.,

    Defendant.

---

## AFFIDAVIT
---

    I, _____, having been duly sworn, affirm that the following statements are true and correct:

    1.    I understand that the parties in this case have entered into a Stipulated Protective Order (the "Order") that allows them to designate various documents and information as Confidential or Highly Confidential.

    2.    I understand that the Order affords certain protections to documents and information designated as Confidential or Highly Confidential.

    3.    I have received and read a copy of the Order.

    4.    I understand that I am to receive access to documents and information that have been designated as Confidential or Highly Confidential pursuant to the Order.

    5.    I consent to be bound by the terms of the Order just as if I were a party to the case, and I agree that I will not engage in any conduct that violates the terms of the Order.

By: _____

STATE OF _____ )
                                       ) ss.
COUNTY OF _____ )

    Sworn to and subscribed before me, a Notary Public, on this _____ day of

_____, 2006.

                                                                      _____
                                                                      Notary Public

My Commission Expires:_____